THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANASSEH LEE, § | |
| Plaintiff, § | |
| § | |
| v. § | 3:14-CV-0742-L-BK |
| § | |
| VALENCIA NASH, Justice of the Peace, § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On February 26, 2014, Plaintiff filed a *pro se* complaint against Justice of the PeaceValencia Nash and Constable Cleophas Steel.  The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

As the Court can best decipher, Plaintiff asserts "the State of Texas is in breach of its fiduciary duty through and by its Attorney of records who has a fiduciary responsibility to protect the citizens, corporate entities on behalf of the State of Texas as trustee." [Doc. 3 at 1]. He further asserts that his "rights ha[ve] been discriminated, due to the fact that the District Attorney has failed to protect the legal entities of Applicant which was secured by Affiant Affidavits by independent Notary Public sitting in and for the State of Texas and the declaration of independents of the original constitution, etc." *Id.*  Plaintiff also claims that he "has suffered undue hardship" and that "the attorneys continue to make unlawful claims on Applicants Corporate entities without going through the office of the District Attorney or the Attorney General." *Id.*  In addition, Plaintiff contends "that he is entitle[d] to claims under Derivative Tort due to breach of a fiduciary duty on the part of those entrusted with the management and

direction of their corporation which has been breach in the form of Discrimination." [Doc. 3 at 2]. Plaintiff requests injunctive relief in "this lawsuit and other lawsuits pending" in Dallas County in both state and federal courts, the "[r]esolution and settlement" of all cases, and that all orders against him be rescinded and vacated. *Id.*

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's claims are legally and factually frivolous. Plaintiff has failed to provide meaningful allegations to support his claims of "breach of a fiduciary duty," discrimination, and "derivative tort." Moreover, insofar as he challenges this Court's prior rulings in *Lee v. Wells Fargo, et al.*, No. 3:12-CV-2697-P (N.D. Tex. Jan. 4, 2013), his claims are barred by res judicata. *See Lee v. Wells Fargo Bank, et al.*, No. 3:13-CV-1041-N-BK, 2013

WL 6734790 (N.D. Tex. 2013) (dismissing case under doctrine of res judicata in light of dismissal with prejudice in No. 3:12-CV-2697-P).  Accordingly, because Plaintiff's contentions are clearly baseless, his complaint should be dismissed with prejudice as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED March 10, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE